110 F.3d 71
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Hector Francisco MOLINA, Defendant-Appellant.
 No. 95-56312.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 3, 1997.
Decided March 31, 1997.
 
 Before: SCHROEDER, WIGGINS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Hector Francisco Molina appeals from the denial of his motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255, arguing that the district court erred by rejecting, without an evidentiary hearing or allowing the filing of a traverse, Molina's claims of outrageous government conduct, improper withholding of exculpatory evidence, and ineffective assistance of counsel. We vacate and remand for an evidentiary hearing.
 
 
 3
 A defendant is entitled to an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that [he] is entitled to no relief[.]" 28 U.S.C. § 2255.
 
 
 4
 The court may deny a hearing if the petitioner's allegations, viewed against the record, fail to state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal. To earn the right to a hearing, therefore, [a petitioner is] required to allege specific facts which, if true, would entitle him to relief.
 
 
 5
 United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir.1996) (internal quotations and citations omitted).
 
 
 6
 In order to prevail on a claim of outrageous conduct, a defendant must allege and show that the government's conduct was "so grossly shocking and so outrageous as to violate the universal sense of justice." United States v. McClelland, 72 F.3d 717, 721 (9th Cir.1995), cert. denied, 116 S.Ct. 1448 (1996) (quotation omitted). An example of such outrageous conduct would be the "engineering and direction of [a] criminal enterprise from start to finish." Sanchez v. United States, 50 F.3d 1448, 1452 (9th Cir.1995) (quotation omitted).
 
 
 7
 Molina argues that the government's conduct was outrageous because it manufactured the very crime at issue. According to Molina, both the buyer and the seller of the cocaine were government-paid confidential informants, and the government supplied the cocaine. The government insists that the only evidence Molina has offered in support of this contention is a letter to his attorney in which Molina stated that a DEA agent allegedly provided information about Molina to the latter's former roommate, who then gave the information to a prison chaplain.
 
 
 8
 Regardless of whether Molina's sealed letter was or should have been considered in camera, his allegations are not simply bald assertions. They are supported by the declaration of his brother, Miguel Molina, which provides information on at least one individual ("Tino") involved in the underlying offense, and offers a good deal more concerning the alleged statements of DEA agent "John Doe" and witness "Richard Roe" concerning the above.
 
 
 9
 Molina's contention that the government failed to turn over exculpatory evidence--viz., surveillance audio- and videotapes allegedly made during the course of its investigation--in violation of Brady v. Maryland, 373 U.S. 83 (1963), is also of concern. Regardless of whether or not the alleged tapes, if any, would provide information material to Molina's defense, see United States v. Zuno-Arce, 44 F.3d 1420, 1425 (9th Cir.), cert. denied, 116 S.Ct. 383 (1995), Molina's argument with respect to this issue is inextricably intertwined with his claim of outrageous government conduct.
 
 
 10
 Finally, Molina contends that his lawyer was ineffective by failing to conduct an adequate pretrial investigation concerning the above, the results of which would have supported his defense of entrapment. Defense counsel has "a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Strickland v. Washington, 466 U.S. 668, 691 (1984). Molina's allegations raise a serious question about whether defense counsel acted reasonably in conducting the investigation. Moreover, the outcome of Molina's trial might have been different had his attorney been able to show that the government manufactured the crime. Cf. McClelland, 72 F.3d at 722 (defense of entrapment requires showing that government induced otherwise innocent person to commit crime).
 
 
 11
 Molina's allegations are neither palpably incredible nor patently frivolous, and involve specific facts which, if true, would entitle him to relief. See McMullen, 98 F.3d at 1159. In light of the above, we conclude that the district court abused its discretion by failing to hold an evidentiary hearing on these claims.[1]
 
 
 12
 VACATED and REMANDED for further proceedings.
 
 
 
 *
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In light of our holding, we need not reach the merits of Molina's argument that he should have been allowed to file a traverse to the government's answer