116 F.3d 1487
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Joseph TINKLE, Jr., Defendant-Appellant.
 No. 96-16886.
 United States Court of Appeals, Ninth Circuit.
 Argued and submitted June 12, 1997.
Filed June 26, 1997.
 
 MEMORANDUM*
 Appeal from the United States District Court for the Eastern District of California, No. CV-96-00794-WBS; William B. Shubb, District Judge, Presiding.
 Before REINHARDT, T.G. NELSON and HAWKINS, Circuit Judges.
 
 
 1
 Robert Joseph Tinkle, Jr. appeals the district court's denial of his § 2255 motion alleging ineffective assistance of counsel at sentencing for failure to raise four bases for departure from the Sentencing Guidelines.
 
 
 2
 Consideration of this appeal begins with "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v. Washington, 466 U.S. 668, 689 (1984). To merit reversal, the defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687.
 
 
 3
 Tinkle first argues that his sentencing counsel was ineffective because counsel did not request a departure based on U.S.S.G. § 5K2.13. Section 5K2.13 permits departure with respect to non-violent offenses where the defendant may be suffering from "significantly reduced mental capacity." The departure is designed "to reflect the extent to which reduced mental capacity contributed to the commission of the offense." U.S.S.G. § 5K2.13.
 
 
 4
 Although Tinkle's Presentence Report ("PSR") indicates some learning problems, due primarily to dyslexia, and some emotional problems, it is not apparent that Tinkle's mental capacity contributed to the commission of the crime, or that he was so "significantly" impaired as to qualify for a § 5K2.13 departure, especially considering that at the time of Tinkle's sentencing in 1991, the Ninth Circuit had not yet interpreted the "mental capacity" portion of § 5K2.13. Moreover, Tinkle's attorney had the opportunity to work with and observe Tinkle throughout the plea process. Counsel also knew that Tinkle exhibited signs of competence, such as having formed contracts. In light of the lack of clarity in the law as to what could constitute "significantly reduced mental capacity" and Tinkle's counsel's own observations of Tinkle's abilities, Tinkle's counsel's failure to raise this issue did not fall outside the "wide range of reasonable professional assistance." Id. at 689.
 
 
 5
 Tinkle next argues that his sentencing counsel was ineffective because he failed to request a departure under U.S.S.G. § 4A1.3, which permits a court to depart downward if the criminal history category significantly over-represents the seriousness of the defendant's criminal history. The failure to raise this issue does not fall outside "the wide range of reasonable professional assistance," especially given that the PSR actually suggested that, if anything, an upward departure might be warranted under the same guideline section to account for the numerous charges (federal and state) that were being dropped pursuant to Tinkle's plea agreement.
 
 
 6
 Tinkle also argues that his sentencing counsel should have requested departures based on a "lack of youthful guidance" or on the "unique combination of factors that comprise [Tinkle's] condition and personal history." Neither ground even appears in the guidelines as a reason for departure; neither was recognized by this circuit as a mitigating circumstance until months after Tinkle was sentenced. See United States v. Floyd, 945 F.2d 1096, 1100-02 (9th Cir.1991) (youthful guidance);[1] United States v. Cook, 938 F.2d 149, 153 (9th Cir.1991). That Tinkle's counsel was not creative enough to invent these reasons for departure does not make-him constitutionally ineffective. See United States v. McMullen, 98 F.3d 1155, 1158 (9th Cir.1996) (not ineffective assistance where counsel failed to raise question at sentencing as to what type of methamphetamine defendant possessed), petition for cert. filed May 5, 1997.
 
 
 7
 We affirm the district court's denial of an evidentiary hearing because the motion and the record show that Tinkle is not entitled to relief. Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994). The existing record reveals the facts that were before Tinkle's sentencing counsel at the time he made the motions for departure, and is therefore sufficient to determine that Tinkle's counsel's actions (or inactions) in response to those facts were within the range of reasonable professional conduct.[2]
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Floyd was later overruled by the 1992 amendments to the Sentencing Guidelines. Section 5H1.12 (lack of guidance as a youth is not relevant grounds for departing from applicable guideline range)
 
 
 [2]
 Although her client did not ultimately prevail, the panel compliments Tinkle's habeas counsel, Candace A. Fry, for her superior performance, especially in the argument of this appeal