117 F.3d 1426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Ruben Mendez PAZ, Defendant-Appellant.
 No. 94-55848.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 11, 1997**
July 1, 1997.
 
 1
 Appeal from the United States District Court for the Southern District of California, DC No. CV 94-638 LCN, CR 92-1104 LCN; Leland C. Nielsen, District Judge, Presiding.
 
 
 2
 Before: O'SCANNLAIN and TASHIMA, Circuit Judges, and WHALEY, District Judge.***
 
 
 3
 MEMORANDUM*
 
 
 4
 Paz appeals from the denial of his motion under 28 U.S.C. § 2255 to vacate his sentence. He was sentenced on a plea of guilty and he did not appeal in the criminal case. Because they are known to the parties, we do not recite the facts or summarize the prior proceedings.
 
 1. Failure to Determine Drug Composition
 
 5
 Paz contends that the sentencing court erred because it did not determine whether the drugs involved in his offense were D-methamphetamine or the less potent L-methamphetamine. The government argues that this contention is foreclosed because Paz waived his right to collaterally attack his sentence in the plea agreement. Paz replies that this waiver should not bar this collateral attack because the government breached the plea agreement, thereby rendering the waiver void.
 
 
 6
 We need not resolve these issues because the underlying issue of whether Paz's offense involved D-methamphetamine or L-methamphetamine "may not be raised under § 2255 if it was not raised at sentencing or on direct appeal." United States v. McMullen, 98 F.3d 1155, 1157 (9th Cir.1996), petition for cert. filed, (U.S. May 5, 1997) (No. 96-8878); see also United States v. Scrivner, 1997 WL 307234 (9th Cir. Jun. 10, 1997) (failure to make a D- or L-methamphetamine finding not "plain error" on direct appeal where no objection made by defendant).
 
 
 7
 Paz also asserts that the plea agreement and waiver were invalid because he received ineffective assistance of counsel in the plea process. See Hill v. Lockhart, 474 U.S. 52, 56 (1985); United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir.1996), cert. denied, 117 S.Ct. 1282 (1997). In particular, he contends that counsel should have informed him of the possibility that he could be sentenced under the more lenient L-methamphetamine schedule, if the government failed to show that his methamphetamine was of the Dvariety. Even assuming arguendo that counsel's performance was outside the range of professionally competent assistance, see Iaea v. Sunn, 800 F.2d 861, 865 (9th Cir.1986), Paz has not shown that he was prejudiced by this asserted shortcoming. See Chacon v. Wood, 36 F.3d 1459, 1464 (9th Cir.1994) (defendant must show reasonable probability that, but for counsel's error, he would not have entered plea). Thus, because he has not show prejudice, Paz cannot prevail on an ineffective assistance of counsel claim. Strickland v. Washington, 466 U.S. 668 (1984). Thus, the waiver in his plea agreement is not invalid.
 
 2. Assistance of Counsel at Sentencing
 
 8
 Paz also contends that his counsel's failure to raise the Dversus L-methamphetamine distinction at sentencing was ineffective assistance of counsel. This argument, however, is foreclosed by McMullen, 98 F.3d at 1157-58, in which we held that the failure to raise the D-/L-methamphetamine distinction is not ineffective assistance of counsel.
 
 AFFIRMED.[1]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Cir.R. 34-4
 
 
 **
 * The Honorable Robert H. Whaley, United States District Judge, Eastern District of Washington, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Appellant's requests for appointment of counsel and for leave to file a reply brief out of time, which were referred to this merits panel, are denied. See Wilson v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986)