122 F.3d 1074
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rickey Bunton, Defendant-Appellant.
 No. 96-16764.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Sept. 5, 1997.
 
 Appeal from the United States District Court for the Northern District of California, Nos. CV-94-02801-VRW CR-89-00636-VRW; Vaughn R. Walker, District Judge, Presiding.
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Rickey Bunton, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging his conviction and sentence imposed following his guilty plea to distribution of cocaine (21 U.S.C. § 841(a)(1)) and conspiracy to defraud the United States (18 U.S.C. § 371). Bunton contends that he received ineffective assistance of counsel. We have jurisdiction pursuant to 28 U.S.C. § 2255. We review de novo both an order denying a section 2255 motion and a determination that a defendant received effective assistance of counsel, see McMullen v. United States, 98 F.3d 1155, 1156-57 (9th Cir.1996), cert. denied, 117 S.Ct. 2444 (1997), and we affirm in part and vacate and remand in part.
 
 
 3
 To establish ineffective assistance of counsel, a defendant must prove that: (1) his counsel's performance was deficient and (2) the deficient performance prejudiced the defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984). If it is possible to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, we may do so without examining the performance prong. See Strickland, 466 U.S. at 697.
 
 
 4
 Bunton contends that counsel was ineffective for failing to argue that Count 6 failed to state an offense because it was pled in the conjunctive. This contention lacks merit because Bunton's claim that pleading in the conjunctive invalidates the indictment is frivolous. See United States v. Calabrese, 825 F.2d 1342, 1346-47 (9th Cir.1987). Accordingly, counsel was not ineffective for failing to raise this issue. See Strickland, 466 U.S. at 697. We decline to consider Bunton's contention that sale of a controlled substance to an undercover agent is not prohibited by 21 U.S.C. § 841(a)(1) because he failed to raise the issue in his section 2255 motion. See Sanchez v. United States, 50 F.3d 1448, 1456 (9th Cir.1995).
 
 
 5
 Bunton next contends that counsel was ineffective for failing to argue that his conspiracy conviction violates the Double Jeopardy Clause because it is based in part on an offense for which Bunton was already convicted. This contention lacks merit because prosecution of a defendant for conspiracy does not violate the Double Jeopardy Clause where overt acts supporting the conspiracy were the basis of substantive offenses for which the defendant was previously convicted. See United States v. Felix, 503 U.S. 378, 380-81 (1992).
 
 
 6
 Bunton finally contends that counsel was ineffective for failing to argue that the Sentencing Guidelines applied to Count 33. We agree.
 
 
 7
 The government concedes that Bunton should have been sentenced under U.S.S.G. § 2T1.9 on Count 33.[1] After Bunton's counsel erroneously informed the district court that the Guidelines did not apply, the district. court sentenced Bunton on Count 33 to a five-year probationary term to run concurrent to a three-year special parole term on Count 6. Bunton was also sentenced on Count 6 to a five-year prison term to run concurrent to a 10-year sentence imposed in another matter.
 
 
 8
 Under these circumstances, we conclude that counsel was ineffective for failing to object to the sentence imposed on Count 33. See Strickland, 466 U.S. at 697. Therefore, we vacate the judgment and remand for resentencing on Count 33.
 
 
 9
 AFFIRMED IN PART; VACATED AND REMANDED FOR THE LIMITED PURPOSE OF RESENTENCING ON COUNT 33.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 A conspiracy which starts before November 1, 1987, and continues after that date is subject to sentencing under the Guidelines. See United States v. Bracy, 67 F.3d 1421, 1434 (9th Cir.1995); United States v. Gray, 876 F.2d 1411, 1418 (9th Cir.1989). Count 33 of the superceding indictment alleged a conspiracy beginning in November, 1981 and continuing up to and including on or about November 2, 1989