**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Frank Charles McMULLEN, Jr.,**
**Defendant–Appellant.**

**No. 95–36031.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 16, 1996.*

Decided Oct. 23, 1996.

---

* The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34–4.

Frank C. McMullen, Sheridan, OR, in pro. per. for defendant-appellant.

John F. Deits, Assistant United States Attorney, Portland, OR, for plaintiff-appellee.

Before: ALDISERT,** PREGERSON and D.W. NELSON, Circuit Judges.

ALDISERT, Circuit Judge:

This appeal by Frank Charles McMullen from the denial of his 28 U.S.C. § 2255 motion to vacate his sentence requires us to decide if defendants convicted of possession of methamphetamine with intent to distribute waive their right to challenge on collateral review the sentencing court's finding of the type of methamphetamine involved in their offense when they fail to assert that challenge at sentencing or on direct appeal. Appellant argues that the probation officer who prepared the presentence report improperly assumed that McMullen possessed D-methamphetamine rather than L-methamphetamine, and that the sentencing court erred in relying on that assumption. McMullen also argues that he was denied effective assistance of counsel when his attorney failed to raise the issue of L– versus D-methamphetamine at sentencing. Further, he contends that the district court abused its discretion in denying his motions for discovery and an evidentiary hearing.

The district court had jurisdiction pursuant to 28 U.S.C. § 2255. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. The appeal was timely filed under Rule 4(a), Federal Rules of Appellate Procedure. We affirm.

** Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by

## I.

McMullen does not contest the basic facts underlying his conviction. Rather, his § 2255 motion attacks his sentence on the basis of the difference between L-methamphetamine (the isomer levo-methamphetamine) and D-methamphetamine (the isomer dextro-methamphetamine). L-methamphetamine produces little or no effect when ingested, whereas D-methamphetamine produces an intense high. The Sentencing Guidelines in effect during McMullen's sentencing treated L-methamphetamine much less severely than D-methamphetamine. *See* U.S.S.G. § 2D1.1, comment. (n. 10) (Nov. 1, 1990). The Guidelines have since been amended to eliminate any distinction in sentencing between L– and D-methamphetamine. *See* U.S.S.G. § 2D1.1 (Nov. 1, 1995).

McMullen did not raise the issue of methamphetamine type at any time during his sentencing proceeding. The probation officer who drafted McMullen's presentence report determined the applicable Sentencing Guidelines range by assuming that D-methamphetamine was involved. The parties and the district court proceeded through sentencing on the basis of that assumption, and the court sentenced McMullen to 151 months imprisonment. He did not appeal, but the court later reduced McMullen's sentence to 121 months after McMullen brought a § 2255 motion challenging a clerical error in the original judgments.

Appellant first raised the issue of methamphetamine type in his second § 2255 motion, four years after sentencing. He argued that the sentencing court erred in adopting the presentence report without requiring the government to prove possession of D rather than L-methamphetamine. The district court denied this motion and motions for discovery and an evidentiary hearing. McMullen now appeals the decision of the district court.

 This court reviews *de novo* the denial of motions pursuant to 28 U.S.C. § 2255. *Frazer v. United States*, 18 F.3d 778, 781

designation.

(9th Cir.1994). We also review *de novo* claims of ineffective assistance of counsel. *United States v. Blaylock*, 20 F.3d 1458, 1464–65 (9th Cir.1994). We review for abuse of discretion the district court's decision to deny evidentiary hearing motions. *Id.* at 1464.

## II.

■ McMullen argues that the calculations in his presentence report were improper because they included an assumption that he possessed D– rather than L-methamphetamine. He further contends that the sentencing court erred in relying on that assumption without any proof by the government regarding the type of methamphetamine involved.

■ We have consistently held that a § 2255 petitioner cannot challenge nonconstitutional sentencing errors if such errors were not challenged in an earlier proceeding. *United States v. Schlesinger*, 49 F.3d 483, 485 (9th Cir.1995); *United States v. Keller*, 902 F.2d 1391, 1393 (9th Cir.1990). Petitioners waive the right to object in collateral proceedings unless they make a proper objection before the district court or in a direct appeal from the sentencing decision. *Schlesinger*, 49 F.3d at 483; *Keller*, 902 F.2d at 1393. We have also made clear that computational errors in a petitioner's presentence report do not give rise to a constitutional issue. *See Keller*, 902 F.2d at 1393. We therefore hold that the waiver principle announced in *Schlesinger* applies to the issue of L– versus D-methamphetamine as it would to any other nonconstitutional sentencing issue: the issue may not be raised under § 2255 if it was not raised at sentencing or on direct appeal.

The teaching of *United States v. Dudden*, 65 F.3d 1461, 1471 (9th Cir.1995), does not cut against our conclusion here. In that case we held that the sentencing court committed clear error by using expert witness affidavits prepared for another case to establish the presence of D-methamphetamine in Dudden's case. 65 F.3d at 1472. But in contrast to the procedural posture here, the defendant in *Dudden* first raised the issue of methamphetamine type at sentencing and pursued it on

appeal. *Id.* at 1471. This McMullen has failed to do.

The precise question at issue here has been addressed by the Court of Appeals for the Fifth Circuit in *United States v. Seyfert*, 67 F.3d 544 (5th Cir.1995). There, as here, the petitioner brought a § 2255 motion challenging his sentence on the grounds that the government had failed to meet its burden of proving that the substance involved was D-methamphetamine. The court rejected this collateral attack because the issue had not been raised at sentencing or on direct appeal. *Seyfert*, 67 F.3d at 546. We find the *Seyfert* analysis persuasive and consistent with our holdings in *Schlesinger* and *Keller*. Because McMullen failed to raise any objection regarding the type of methamphetamine, either at sentencing or on direct appeal, he is barred from raising this issue in a § 2255 motion. Accordingly, the district court properly denied his motion to vacate his sentence on this ground.

## III.

■ McMullen next argues that his counsel was constitutionally ineffective by failing to raise at sentencing the issue of methamphetamine type. Defendants may raise such an objection for the first time in a § 2255 motion if they show both cause for their failure to make the objection earlier and prejudice from that failure. *Evenstad v. United States*, 978 F.2d 1154, 1158 (9th Cir. 1992). Establishing the elements of an ineffective assistance of counsel claim normally will meet this cause and prejudice test. *United States v. De la Fuente*, 8 F.3d 1333, 1337 (9th Cir.1993). The elements established by the Supreme Court for prevailing on an ineffective assistance of counsel claim are familiar: (1) the defendant "must show that counsel's representation fell below an objective standard of reasonableness"; and (2) the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 2064, 2068, 80 L.Ed.2d 674 (1984).

Although the district court did not specifically refer to the *Strickland* elements, it rejected McMullen's claim because of his failure to "raise any issue regarding the type of methamphetamine until years after his conviction and sentencing." Dist. Ct. Order at 3. Notwithstanding the district court's succinct approach, our review of the record persuades us that Appellant's ineffective assistance of counsel claim fails to meet the *Strickland* requirements.

First, his counsel's performance did not fall below "an objective standard of reasonableness." *Strickland*, 466 U.S. at 688, 104 S.Ct. at 2064. The government has observed:

> Defendant's brief nowhere points to specific ways in which the failure to raise the L-methamphetamine issue fell below prevailing professional standards. The government notes that it is very common for defense counsel not to raise this issue at sentencing. The government is aware of at least ten (10) other pending cases from the District of Oregon, in addition to this case, where defendants have filed § 2255 motions on the identical issue, namely, ineffective assistance of counsel for failure to challenge the type of methamphetamine at sentencing. Given the number of such cases that were sentenced as D-methamphetamine without challenge, it appears that a great number of defendant's colleagues had lawyers doing the exact same thing. Perhaps it simply never occurred to these lawyers that serious drug dealers would set out to make or would possess with intent to distribute L-methamphetamine, an isomer of methamphetamine that had no street value whatsoever and no physiological effect desired by its buyers. An attorney's performance, which enjoys a strong presumption of adequacy, is deficient only if ... objectively unreasonable. *Clark v. Collins*, 19 F.3d 959, 964 (5th Cir.1994). The fact that defendant's lawyer was not innovative enough to raise this issue does not make him constitutionally defective. Perhaps he was simply too experienced to imagine that L-methamphetamine was involved at all in this case.

Government's Br. at 9–10 (footnote omitted).

Ineffective assistance of counsel occurs when the behavior complained of falls below prevailing professional norms. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. We are satisfied there was no such departure here. In light of the deference accorded attorney performance, and considering a clear and established background of similar professional behavior by other attorneys on this precise issue, we will not conclude that McMullen's counsel's decision not to inquire about the type of methamphetamine involved was objectively unreasonable.

Appellant has also failed to satisfy the second *Strickland* prong; he has not alleged facts that, if true, would demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. Again, the government's argument is compelling:

> [McMullen's] bare assertion that his attorney failed to raise the issue is not enough. There would be no point in raising the issue, and hence no ineffective assistance of counsel, unless there were some proof to offer in his favor. But defendant offers nothing on this point, not even a self-serving declaration that it *was* L-methamphetamine produced in his own laboratory. Missing are allegations that raise a reasonable probability that the drug defendant possessed was actually L-methamphetamine.

Government's Br. at 10–11.

We are satisfied that counsel's professional performance at sentencing did not fall below any objective standard of performance or prejudice the outcome of the proceedings.

### IV.

 Appellant contends also that the district court erred in not granting him an evidentiary hearing on his ineffective assistance of counsel claim. Section 2255 requires that the district court grant a petitioner's motion to hold an evidentiary hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255.

*See U.S. v. Burrows,* 872 F.2d 915, 917 (9th Cir.1989). The court may deny a hearing if the petitioner's allegations, viewed against the record, fail to state a claim for relief or are " 'so palpably incredible or patently frivolous as to warrant summary dismissal'." *Marrow v. United States,* 772 F.2d 525, 526 (9th Cir.1985) (quoting *United States v. Schaflander,* 743 F.2d 714, 717 (9th Cir.1984) (per curiam)). To earn the right to a hearing, therefore, Appellant was required to allege specific facts which, if true, would entitle him to relief. *See Baumann v. United States,* 692 F.2d 565, 571 (9th Cir.1982). This he failed to do. As emphasized before, McMullen did not object, either at sentencing or on direct appeal, to the use of D-methamphetamine in the calculation of his sentence. *See* Dist.Ct.Order at 3. Under the abuse of discretion standard, an appellate court may not simply substitute its judgment for that of the lower court, *Silber v. Mabon,* 18 F.3d 1449, 1455 (9th Cir.1994), and must accord the district court wide latitude on its decision. We do so here.

We have considered all arguments raised by the parties and conclude that no further discussion is necessary.

AFFIRMED.