113 F.3d 1244
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Albert SHOPE, Defendant-Appellant.
 No. 95-35667.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 5, 1997.*
Decided May 12, 1997.
 
 Before: SKOPIL, BRUNETTI, and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner John Albert Shope appeals the district court's denial of his section 2255 motion to correct the sentence imposed following his guilty plea to possession of methamphetamine with intent to distribute. He contends that his sentence should be modified because the substance he possessed was L- rather than D-methamphetamine, and that his attorney was ineffective for not raising the issue. We reject these contentions, and affirm.
 
 
 3
 Shope's claim that the district court improperly sentenced him for possessing D-methamphetamine was not raised at sentencing or on direct appeal. The claim is therefore barred unless Shope can demonstrate that he received ineffective assistance of counsel. See United States v. McMullen, 98 F.3d 1155, 1157 (9th Cir.1996).[1] To prevail on an ineffective assistance claim, Shope must show (1) "that counsel's representation fell below an objective standard of reasonableness;" and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).
 
 
 4
 We have held that a defense counsel's failure to inquire about the type of methamphetamine involved does not fall below an objective standard of reasonableness and therefore does not amount to ineffective assistance. McMullen, 98 F.3d at 1158. Shope argues, however, that McMullen is distinguishable. He relies principally on his own self-serving declaration that he repeatedly told his attorney "that something was wrong with the methamphetamine which [the] government seized," and on his attorney's declaration that the attorney was not familiar with the relevant guidelines. We conclude that these declarations do not suffice to distinguish McMullen. Accordingly, Shope has failed to establish that his attorney's performance was deficient. We therefore do not reach the question of prejudice.
 
 
 5
 Because petitioner has failed to demonstrate ineffective assistance of counsel, he is procedurally barred from raising his sentencing issue on collateral appeal. Shope is therefore not entitled to an evidentiary hearing. See Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994) (evidentiary hearing required unless factual allegations fail to state claim for relief). Finally, we reject Shope's claim that the rule of lenity requires that his sentence be modified. In United States v. Basinger, 60 F.3d 1400, 1410 (9th Cir.1995), we held that the sentencing distinction between L- and D-methamphetamine is unambiguous and not subject to the rule of lenity.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Because Shope collaterally attacks his sentence, our recent decision in United States v. Magallon, --- F.3d ----, No. 95-10438, slip op. 5199 (9th Cir. May 5, 1997), does not affect our analysis. See Magallon, slip op. at 5207 n. 4