117 F.3d 1426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James C. MAKI, Bonnie L. Maki, Defendants-Appellants.
 No. 97-35178.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997**
Decided June 24, 1997.
 
 Appeal from the United States District Court for the District of Montana Charles C. Lovell, District Judge, Presiding
 Before GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Federal prisoners James C. and Bonnie L. Maki appeal pro se from the district court's denial of their 28 U.S.C. § 2255 motion to vacate their sentence for various drug charges, including conspiracy to manufacture or distribute methamphetamine. We affirm.
 
 
 3
 We are barred from considering the Makis' contentions that the district court erred by sentencing them for possessing Dmethamphetamine as opposed to L-methamphetamine because the Makis
 
 
 4
 Federal prisoners James C. and Bonnie L. Maki appeal pro se from the district court's denial of their 28 U.S.C. § 2255 motion to vacate their sentence for various drug charges, including conspiracy to manufacture or distribute methamphetamine. We affirm.
 
 
 5
 We are barred from considering the Makis' contentions that the district court erred by sentencing them for possessing Dmethamphetamine as opposed to L-methamphetamine because the Makis did not raise that issue either at sentencing or on direct appeal. See United States v. McMullen, 98 F.3d 1155, 1156 (9th Cir.1996), cert. denied, 1997 WL 251244 (1997). The Makis' contention that their counsel was ineffective for failing to inquire about the type of methamphetamine involved is also foreclosed by our decision in McMullen, where we held that an attorney's failure to object at the time of sentencing to the type of methamphetamine involved does not constitute ineffective assistance of counsel where no evidence exists to indicate that L-methamphetamine was involved. Here, although the Makis contend that the evidence presented at trial indicated that the methamphetamine arguably may have been L-methamphetamine, they also concede that the government submitted into evidence laboratory reports which identified that the methamphetamine as D-methamphetamine. Given the introduction of the lab reports, and the deference accorded to attorney performance, we cannot say that counsel's failure to inquire about the type of methamphetamine fell below prevailing professional standards. See id. (noting that it was common for defense attorneys not to raise the methamphetamine distinction at sentencing).
 
 
 6
 Finally, we reject the Makis' contention that the rule of lenity requires that their sentence be modified. See United States v. Basinger, 60 F.3d 1400, 1410 (9th Cir.1995) (holding that the sentencing distinction between L- and D-methamphetamine is unambiguous and not subject to the rule of lenity).
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3