119 F.3d 7
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dennis HAMPTON, Defendant-Appellant.
 No. 96-35357.
 United States Court of Appeals, Ninth Circuit.
 Argued April 8, 1997.
Submitted April 8, 1997.
Decided July 21, 1997.
 
 1
 Appeal from the United States District Court for the Western District of Washington, Nos. CV-94-1525-06-TSZ and CR-92-284-06-TSZ; Thomas S. Zilly, District Judge, Presiding.
 
 
 2
 Before: REINHARDT and THOMAS, Circuit Judges, and SEDWICK,** District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 In 1993 Dennis Hampton was convicted of 25 counts of wire fraud (18 U.S.C. § 1341), mail fraud (18 U.S.C. § 1343), and conspiracy (18 U.S.C. § 371). Following an unsuccessful appeal to this court, Hampton filed a petition in district court pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of counsel. Discovery ensued; the government moved for summary judgment; the magistrate recommended that summary judgment be granted without an evidentiary hearing; and, on March 13, 1996, the district court adopted the magistrate's findings and recommendation and denied Hampton's § 2255 petition. On March 20, 1996, Hampton timely appealed to this court.
 
 
 5
 Hampton contends that genuine issues of material fact exist which require an evidentiary hearing, that he received ineffective assistance of counsel because his attorney did not adequately investigate and present a diminished capacity defense at trial based on Hampton's medical problems, and that he received ineffective assistance of counsel at sentencing because his attorney failed to present this defense as a mitigating factor. We have jurisdiction pursuant to 28 U.S.C. § 2255 and we affirm.
 
 
 6
 This court reviews a grant of summary judgment de novo, to determine whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995). The nonmoving party's evidence is to be taken as true, and all inferences are to be drawn in the light most favorable to the nonmoving party. Eisenberg v. Insurance Co. of North America, 815 F.2d 1285, 1288 (9th Cir.1987).
 
 
 7
 This court reviews the denial of a § 2255 evidentiary hearing for abuse of discretion. United States v. Rogers, 984 F.2d 314, 316 (9th Cir.1993). A habeas petitioner is entitled to an evidentiary hearing on a claim if: (1) his allegations, if proved, would entitle him to relief, and (2) an evidentiary hearing is required to ascertain facts to establish the truth of the allegations. Bashor v. Risely, 730 F.2d 1228, 1233 (9th Cir.), cert. denied, 469 U.S. 838 (1984).
 
 
 8
 Hampton alleges two bases for his ineffective assistance of counsel claim: first, that counsel, Lawrence Moore, should have presented a diminished capacity defense at trial; and second, that counsel should have presented a diminished capacity defense as a mitigating factor at sentencing.[1]
 
 
 9
 To prevail on his claim for ineffective assistance of counsel, Hampton must show that counsel made unprofessional errors, and that, but for such errors, it is reasonably probable that he would have received a more favorable verdict. Strickland v. Washington, 466 U.S. 668, 694 (1984). Deficient performance is demonstrated when "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. This court's review of counsel's performance is "highly deferential" and there is a "strong presumption" that counsel rendered adequate assistance and exercised reasonable professional judgment. Id. at 690. Prejudice is established if there is a reasonable probability that but for counsel's error, the result of the proceeding would have been different. Id. at 694. To establish prejudice for failing to investigate a diminished capacity defense, Hampton must show that psychiatric expert testimony, in light of other evidence, would have made a difference. Williams v. Calderon, 52 F.3d 1465, 1470 (9th Cir.1995), cert. denied, 116 S.Ct. 937 (1996).
 
 
 10
 Moore testified in his deposition submitted in support of the habeas petition that during their first conversation, Hampton mentioned the possibility of a defense involving his panic disorder. Moore asked Hampton to obtain his medical records from his treating physician in 1987 and 1988, Dr. Vengar.
 
 
 11
 Moore reviewed Hampton's medical records and conducted research on panic disorder at the law library. Moore read approximately three or four books on the subject. Moore spoke with Hampton's father and ex-wife regarding Hampton's mental state in 1987 and 1988. Prior to trial, Moore spent several hours talking with Hampton. Based on his review of the discovery materials, his own research on panic disorder, and review of Hampton on tape practicing various sales pitches, Moore concluded that Hampton knew what he was doing at the times relevant to the charges.
 
 
 12
 Despite his own reservations about a diminished capacity defense, Moore arranged for Dr. Whitehead to evaluate Moore on two separate occasions. Moore elected not to use Dr. Cruvant, the physician who had replaced Dr. Vengar, because he was an internist and would not have been qualified to testify about mental disorders. Dr. Whitehead's evaluations did not support use of a diminished capacity defense.
 
 
 13
 Moore's investigation into the possibility of a diminished capacity defense was reasonably thorough. The investigation Moore conducted did not suggest that such a defense had merit, and Hampton was not denied his 6th Amendment right to counsel because Moore failed to present a defense at trial or a mitigating circumstance at sentencing that was unsupported by any evidence.
 
 
 14
 Even assuming Moore was remiss in not contacting Dr. Vengar or Dr. Cruvant about Hampton's mental state during 1987 and 1988, however, the failure to do so did not prejudice Hampton. In their depositions in the habeas proceeding, neither Dr. Vengar nor Dr. Cruvant identified any mental impairment that affected Hampton's capacity to reason and form intent. The deposition testimony of Drs. Whitehead and Newlyn in the habeas proceeding similarly contradict Hampton's claim of diminished capacity.
 
 
 15
 Moreover, much of Hampton's own testimony at trial was inconsistent with a diminished capacity defense. Hampton testified that he signed leases to set up various phone rooms, opened bank accounts, wrote pitch sheets and was responsible for receiving and cashing checks. Hampton also testified that even while taking the medication, he would come to work about 7:00 or 8:00 a.m. and stay at least an hour. He would continue to go to sales meetings, see what needed to be reviewed and corrected, and "try to touch base with everybody to see what [he could do] to help." Hampton also testified that he was able to make ethical decisions when necessary. He testified that he felt it was unethical to sell to a customer more than once a month. Moreover, he testified that he thought it was wrong for his employees to call up a client and tell them that their advanced fee was paying for taxes.
 
 
 16
 At his habeas deposition, Hampton testified that while operating the business, he was able to recognize things that were wrong. Hampton stated that his medication didn't prevent him from teaching employees how to give pitches or from assisting other employees in opening up telephone rooms in Seattle and Los Angeles.
 
 
 17
 Hampton offers no medical evidence that in any way supports his claim that he was suffering from diminished capacity. There would have been no point in raising such a defense in the absence of any evidence to support it, so Moore's failure to do so cannot constitute ineffective assistance of counsel. See United States v. McMullen, 98 F.3d 1155, 1158 (9th Cir.1996). The bare assertion that Moore failed to raise the defense is not enough to satisfy the prejudice prong of the Strickland test. See Strickland, 466 U.S. at 694.
 
 
 18
 As for Hampton's claim that the district court erred in not granting him an evidentiary hearing, "[t]he court may deny a hearing if the petitioner's allegations, viewed against the record, fail to state a claim or are 'so palpably incredible or patently frivolous as to warrant summary dismissal.' " McMullen, 98 F.3d at 1159 (citations omitted). At most, the deposition testimony of Drs. Vengar, Cruvant, Newlyn, and Whitehead, Hampton's own deposition testimony, and the other medical evidence submitted in support of the habeas petition show that Hampton suffered from a mild panic disorder and that the medications he was taking for that condition potentially have some side-effects. The evidence lends no support whatsoever to Hampton's claim that either the panic disorder or the medications in any way affected his ability to achieve the requisite mental state to commit the crimes for which he was convicted. For the same reason, he cannot show that he was prejudiced by Moore's failure to offer diminished capacity as a mitigating factor at sentencing. Therefore, the district court did not abuse its discretion in denying an evidentiary hearing. See id.
 
 
 19
 AFFIRMED.
 
 
 
 **
 The Honorable John W. Sedwick, United States District Judge for the District of Alaska, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R.36-3
 
 
 [1]
 Hampton's also argues that he was deprived of the opportunity to plead guilty as a result of his trial counsel's false representation that he would offer a diminished capacity defense. However, Hampton failed to introduce any evidence supporting that contention in the district court. The only reference to any such issue was contained in counsel's statement at the time of summary judgment. This is clearly insufficient