127 F.3d 1107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald DARRAH, Defendant-Appellant.
 No. 96-16818.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1997**
Decided Oct. 27, 1997.
 
 Appeal from the United States District Court for the Northern District of California Charles A. Legge, District Judge, Presiding
 Before THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Donald Darrah appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence imposed after he pleaded guilty to possessing methamphetamine with intent to distribute. We review de novo the district court's denial of Darrah's motion. See United States v. McMullen, 98 F.3d 1155, 1156-57 (9th Cir.1996), cert. denied, 117 S.Ct. 2444 (1997). We have jurisdiction pursuant to 28 U.S.C. § 2255, and we affirm.
 
 
 3
 Darrah contends that his attorney provided ineffective assistance by failing to challenge his sentence for possesion of methamphetamine, because Darrah possessed D,L-methamphetamine rather than D-methamphetamine. This contention lacks merit.
 
 
 4
 A successful ineffective assistance of counsel claim requires a defendant to show deficient performance by his attorney and prejudice from that deficiency. See Strickland v. Washington, 466 U.S. 668, 687 (1984). The reviewing court should avoid "the distorting effects of hindsight" and "evaluate the conduct from counsel's perspective at the time." Id. at 689.
 
 
 5
 Here, the performance of Dairah's counsel was not deficient because the Sentencing Guidelines then distinguished only between "Methamphetamine" and "L-Methamphetamine." See U.S.S.G. § 2D1.1(a)(3), (c)(7) & comment. (n.10) (1991). The guidelines did not refer to D, L-methamphetamine, nor was there other authority available to Darrah's attorney suggesting that D, L-methamphetamine might not be considered "Methamphetamine" under U.S.S.G. § 2D1.1(c)(7). Accordingly, viewing the conduct of Darrah'E counsel from his perspective at the time, Darrah has not demonstrated that his attorney's performance fell below "the wide range of reasonable professional assistance." See Strickland, 466 U.S. at 689.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3