131 F.3d 149
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph Jay PICKREL, Defendant-Appellant.
United States of America, Plaintiff-Appellee,
v.
James Pickrel, Defendant-Appellant.
 Nos. 96-35538, 96-35738.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1997.**
Decided Nov. 19, 1997.
 
 Appeal from the United States District Court for the District of Oregon Robert C. Jones, District Judge, Presiding.
 Before: HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 In this consolidated appeal, federal prisoners Joseph Jay Pickrel and James Pickrel appeal the district court's denial of their 28 U.S.C. § 2255 motions to vacate sentences imposed after pleading guilty to conspiracy to manufacture and distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. The Pickrels contend that their attorneys provided ineffective assistance during their sentencing proceedings. We review this claim de novo. See United States v. McMullen, 98 F.3d 1155, 1156-57 (9th Cir.1996), cert. denied, 117 S.Ct. 2444 (1997). We have jurisdiction pursuant to 28 U.S.C. § 2255, and we affirm.
 
 
 3
 A successful ineffective assistance of counsel claim requires a defendant to show deficient performance by his attorney and prejudice from that deficiency. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Strickland's deficiency prong requires the defendant to demonstrate that his counsel's performance fell below "the wide range of professionally competent assistance." Id. at 690. The prejudice prong requires the defendant to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. An ineffective assistance claim may be rejected solely on the basis that the defendant did not demonstrate prejudice. See id. at 697.
 
 
 4
 The Pickrels contend that their attorneys were ineffective for failing to challenge the government's assumption that the Pickerels' offense involved d-methamphetamine rather than the less severely punished 1-methamphetamine. This contention lacks merit because nothing in the record suggests that 1-methamphetamine was actually involved in the case. See McMullen, 98 F.3d at 1158 (holding failure to raise Sentencing Guidelines distinction between d-methamphetamine and 1-methamphetamine not ineffective assistance where attorney did not have notice that 1-methamphetamine might be involved).
 
 
 5
 Next, the Pickrels argue that their attorneys were ineffective for failing to challenge the qualifications of the government's expert witness, a criminalist responsible for sampling and testing the methamphetamine. This argument lacks merit because the Pickrels have not demonstrated "a reasonable probability that," had their attorneys challenged the witness's expert credentials, "the result of the proceeding would have been different." See Strickland, 466 U.S. at 694.
 
 
 6
 The Pickrels contend their attorneys were ineffective for failing to challenge the government's method of calculating the weight of the methamphetamine involved in their conspiracy. We disagree. The conspiracy was found to involve 108 kilograms of methamphetamine. Under the Sentencing Guidelines, the Pickrels' base offense level would have remained the same had their offense involved as little as twenty-five kilograms of methamphetamine. See U.S.S.G. § 2D1.1(a)(3) & comment. (n.10) (1987). The Pickrels have not demonstrated a reasonable probability that, had their attorneys challenged the government's weight calculations in the manner they now suggest is proper, the amount of methamphetamine would have been decreased from 108 to less than twenty-five kilograms. See Strickland, 466 U.S. at 694.
 
 
 7
 Finally, the Pickrels' contention that the cumulative effect of their attorneys' errors amounts to ineffective assistance lacks merit because the Pickrels have failed to demonstrate prejudice. See id.
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Appellants' request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3