139 F.3d 908
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
Daniel Joseph FEIST, Defendant-Appellant.
 No. 96-36246.
D.C. Nos. CV-96-00071-JDS CR-94-00023-1-JDS.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 9, 1998**.
Decided Feb. 19, 1998.
 
 Appeal from the United States District Court for the District of Montana Jack D. Shanstrom, District Judge, Presiding.
 Before PREGERSON, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Daniel Joseph Feist, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging his conviction by guilty plea for distributing methamphetamines and using and carrying firearms in violation of 18 U.S.C. § 924(c). We have jurisdiction under 28 U.S.C. § 2255. We review the denial of a section 2255 motion de novo, see United States v. McMullen, 98 F.3d 1155, 1156-57 (9th Cir.1996), cert. denied, --- U.S. ----, 117 S.Ct. 2444, 138 L.Ed.2d 203 (1997), and we affirm.
 
 
 3
 Feist contends his conviction should be vacated because the facts he pled do not establish "using" and "carrying" of a firearm in accordance with Bailey v. United States, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). This contention lacks merit.
 
 
 4
 In Bailey, the Supreme Court held that in order for a defendant to be convicted under the "use" prong of section 924(c)(1), the government must show that the defendant "actively employed the firearm during and in relation to the predicate crime." 116 S.Ct. at 509. " ... [I]n order for a defendant to be convicted of 'carrying' a firearm in violation of section 924(c)(1), the defendant must have transported the firearm on or about his person." United States v. Hernandez, 80 F.3d 1253, 1258 (9th Cir.1996).
 
 
 5
 Here, Feist pled guilty to using or carrying a firearm during and relation to a drug trafficking crime, in violation of 18 U.S.C. 924(c)(1). During the change of plea hearing Feist admitted the fact that the government could prove that he carried or used a functional firearm during hand-to-hand methamphetamine distributions. Accordingly, Feist's admission is sufficient to sustain a conviction under the "carry" or "use" prong of section 924(c)(1). See Bailey, 116 S.Ct. at 509; Hernandez, 80 F.3d 1253, 1257-58.
 
 
 6
 We decline to address Feist's contention that the government failed to prove the type of methamphetamine to which he pled guilty to distributing because the L versus D-methamphetamine issue may not be raised under section 2255 if it was not raised at sentencing or on direct appeal. See McMullen, 98 F.3d at 1157.[2]
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Accordingly, appellant's request for decision without oral argument is granted. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [2]
 We do not address whether Feist has procedurally defaulted on either of his claims because the government did not assert procedural default in the district court. See Gonzales v. United States, 33 F.3d 1047, 1049 (9th Cir.1994)(holding that a government's failure to assert procedural default in district court proceedings on a section 2255 motion waives the issue)