**UNITED STATES of America, Plaintiff,**

v.

**Jaime GURROLA MADRID, Defendant.**

**CR No. 90–154–3–FR,
Civil No. 95–1201–FR.**

United States District Court,
D. Oregon.

March 9, 1998.

Kristine Olson, U.S. Atty., J. Richard Scruggs, Asst. U.S. Atty., Portland, OR, for Plaintiff.

Jaime G. Madrid, Terminal Island, CA, pro se.

## OPINION

FRYE, District Judge.

The court previously denied a motion of the defendant, Jaime Gurrola Madrid, under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence (# 197). Madrid appealed that ruling, and the United States Court of Appeals for the Ninth Circuit reversed and remanded. The matter now before the court is the reconsideration of that motion in light of the appellate court's instructions.

## BACKGROUND

Jaime Madrid was arrested on June 18, 1990 for his involvement in a cocaine and heroin distribution organization. On July 18, 1990, a grand jury returned a superseding indictment charging Madrid and others with multiple drug-trafficking crimes.

On January 4, 1991, Madrid appeared before the Honorable James M. Burns, United States District Judge, and entered a plea of guilty to the charge in Count 1 of the superseding indictment that he conspired with others to distribute and to possess with the intent to distribute heroin and cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 and 18 U.S.C. § 2.

On January 4, 1991, Madrid was twenty-two years old and had resided in the United States since 1982. He did not speak English, but he had attended public schools in Mexico through the tenth grade. At the hearing on January 4, 1991, Madrid was represented by Helen Cooper and was assisted by an interpreter, Sally De La Riva. He stated during the hearing at which he plead guilty that the plea documents were read to him with the assistance of an interpreter so that he could consider them in his native language, the Spanish language. De La Riva filled in the blanks in the documents at Madrid's direction.

Madrid entered his plea of guilty pursuant to a written plea agreement with the government. The government agreed to recommend a sentence at the low end of the applicable sentencing guideline range after all adjustments had been made by the court. The government also agreed to recommend a two-level downward adjustment for the acceptance of responsibility if the government believed at the time of sentencing that such an adjustment was appropriate.

The written plea agreement was attached to the plea petition submitted by Madrid. He signed and submitted both documents to the court after he had orally entered his plea of guilty. In his plea petition, Madrid acknowledges that he understood and voluntarily agreed to the terms of the plea agreement. He acknowledges in the plea petition that he was aware that by entering a plea of guilty, he waived specifically-enumerated rights. In the plea petition, he correctly states the maximum sentence for the crimes to which he was pleading guilty, and he

states that he understands the terms of the plea agreement. The plea petition contains a certificate by Madrid's attorney, Helen Cooper, affirming that her client understood the plea agreement. Attorney Cooper represented in her certificate of counsel that she had reviewed every part of the plea petition with Madrid, including the maximum penalties stated within it.

Madrid verbally confirmed in response to the questions posed by Judge Burns that he had read and understood the plea agreement and the plea petition, and that he understood the consequences of entering a plea of guilty. Madrid confirmed that any estimate of the length of sentence which his attorney may have given him may be incorrect. He also confirmed that any promises made in exchange for the entry of his plea of guilty were set forth in the plea documents, and that no one had threatened him. Judge Burns also confirmed with Madrid that the maximum penalty for the crime to which Madrid was pleading guilty is twenty years imprisonment, at least three years but no more than five years of supervised release, a discretionary fine of up to $1,000,000, and a mandatory fee assessment of $50.00.

A presentence report was prepared and made available to the parties on January 23, 1991. The writer of the presentence report affirmed that the plea agreement provided for the government to recommend an adjustment for Madrid's acceptance of responsibility and a sentence at the low end of the guideline range. In support of this adjustment, the writer of the presentence report stated that Madrid had failed to provide any statement to arresting officers or to the writer of the presentence report, but that "defendant's attorney reports that a written statement from the defendant will be provided through counsel." Presentence Report, p. 12. The writer of the presentence report noted that "[t]he government informs that they will probably recommend a two point reduction for acceptance of responsibility upon receipt of the defendant's written statement." *Id.* Accordingly, the writer of the presentence report recommended a two level reduction for acceptance of responsibility.

The writer of the presentence report calculated Madrid's sentencing range as 188–235 months based on a total offense level of 36 and a criminal history category of I. The offense level of 36 was derived from a base offense level of 34 (20 kilograms of cocaine). The total offense level was adjusted upward four levels because of Madrid's possession of a firearm and his leadership role in the offense, and adjusted downward two levels because he had timely accepted responsibility for his criminal conduct.

The government submitted its sentencing recommendations to the court by letter dated February 5, 1991. The government reserved its recommendation regarding an adjustment for Madrid's acceptance of responsibility until the time of sentencing. The government recommended that Madrid's base offense level be 38 (150–500 kilograms of cocaine), with an upward adjustment of four levels because Madrid had possessed a firearm and had played a leadership role in the offense. Thus, in its letter to the court, the government recommended a total offense level of 42, with a guideline range of 360 months to life and a possible downward adjustment of two levels for Madrid's acceptance of responsibility. The government recommended a sentence at the low end of the sentencing guideline range if the court found that Madrid's sentencing range was below the statutory maximum sentence of twenty years.

Madrid appeared for sentencing on February 21, 1991, again represented by his lawyer, Cooper, and assisted with his translation by De La Riva. At the sentencing hearing, the government withdrew its recommendation for a base offense level of 38, agreeing that the base offense level should be 34 for 20 kilograms of cocaine as recommended by the writer of the presentence report. Madrid's attorney argued that the relevant amount of drugs was less than 20 kilograms, and urged a base offense level of 20. An adjustment for acceptance of responsibility was not addressed at the sentencing hearing.

The court found the sentencing range to be 188 to 235 months, resulting from a criminal history category of I and a total offense level of 34 (20 kilograms of cocaine). The court made an adjustment upward of four levels

because Madrid had possessed a firearm and played a leadership role in the offense, and a downward adjustment of two levels for Madrid's acceptance of responsibility. The court sentenced Madrid to 211 months in prison, to be followed by a three-year term of supervised release. The court imposed a fee assessment of $50.00. At the time of sentencing, the government orally confirmed with the court that the court had considered the government's recommendation for the low end of the guideline range.

Madrid appealed his sentence, challenging the drug quantity and the adjustments for leadership role and possession of a firearm. The United States Court of Appeals for the Ninth Circuit affirmed the sentence imposed in an unpublished opinion on May 12, 1992.

On August 17, 1995, Madrid filed a petition under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence on the following grounds: 1) his plea of guilty was not knowingly and voluntarily made because his attorney told him that his sentence would not exceed five years, and he did not understand the sentencing guidelines, the plea agreement, the term "supervised release," and the conspiracy charge; 2) the court failed to follow Rule 11 of the Federal Rules of Criminal Procedure by not informing him at the time that he entered his plea of guilty about the effects of supervised release, in not disclosing the terms of the plea agreement in open court, and by not advising him in open court that he could not withdraw his plea of guilty if the recommendations of the government were not followed; and 3) the government breached the plea agreement by not recommending at the sentencing hearing a sentence at the low end of the sentencing guideline range.

On January 16, 1996, this court denied Madrid's petition to vacate, set aside or correct his sentence.

Madrid appealed on the same grounds as stated in his motion to this court, plus the additional ground that he did not have the same judge for the entry of his guilty plea as he had at his sentencing hearing, and this prejudiced him and violated Fed.R.Crim.P. 25. In his appellate reply brief, Madrid raised a second additional issue: that his attorney, Cooper, provided ineffective assistance as counsel at all stages of the proceedings.

The Ninth Circuit did not reach the merits of any of Madrid's grounds for relief. It held that this court erred in denying Madrid's motion on procedural grounds and reversed and remanded to allow this court to consider the merits of the motion.

In a letter dated July 9, 1997, Madrid asked this court to address his claims based on the issues of the change of judge and the ineffective assistance of counsel, even though he did not raise them originally in his section 2255 motion.

This court will rule on the merits of each of Madrid's claims, notwithstanding when he raised those issues.

## APPLICABLE LAW

28 U.S.C. § 2255 provides, in part:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence.

■■■ Under section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'" *United States v. Blaylock,* 20 F.3d 1458, 1465 (9th Cir.1994) (quoting 28 U.S.C. § 2255) (emphasis in the original). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. McMullen,* 98 F.3d 1155, 1159 (9th Cir.1996) (internal quotations omitted), *cert. denied,* —— U.S. ——, 117 S.Ct. 2444, 138 L.Ed.2d 203 (1997). To earn the right to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief. *Id.* Mere conclusory statements in a

section 2255 motion are insufficient to require a hearing. *United States v. Hearst,* 638 F.2d 1190, 1194 (9th Cir.1980), *cert. denied,* 451 U.S. 938, 101 S.Ct. 2018, 68 L.Ed.2d 325 (1981).

## ANALYSIS AND RULING

### 1. *Knowing and Voluntary Plea*

■ Madrid argues that his plea of guilty was not knowingly and voluntarily made; that his attorney told him that his sentence would not exceed five years; and that he did not understand the sentencing guidelines or the effect of his co-defendants' conduct on his sentence, the plea agreement, supervised release, and the conspiracy charge. Madrid contends that he only told Judge Burns that he understood the plea petition and agreement because he was instructed to be cooperative in court.

The government argues that Madrid's claims of misunderstanding are without merit, and that in their affidavits his own attorney and the court interpreter contradict his claims. The court notes that Madrid signed a written petition to enter a plea of guilty in which he affirmed that his plea of guilty was knowingly and voluntarily made, and that the plea petition outlined the maximum sentence, the rights that Madrid was waiving, and the other consequences of Madrid's entry of a plea of guilty.

■ Madrid also contends that the interpreter may not have had sufficient knowledge of federal criminal proceedings and could not ascertain whether Madrid fully understood the terms of the plea agreement and the consequences of the entry of a guilty plea. An interpreter is a person who is to interpret everything that is said in the courtroom. In an affidavit, De La Riva states that she always translates verbatim. Before interpreting testimony, an interpreter may ask additional questions of the defendant to ensure that the two are communicating adequately, but an interpreter may not ask questions of the defendant to determine whether he understands all of the consequences of the legal proceedings. That is the job of the attorney, not the interpreter. De La Riva also states that she looks for indicia of comprehension, and that Cooper always asks if the person understands what they were just told. She does not remember Madrid appearing confused or stating that he did not understand.

The court finds that Madrid's claims are not credible. Several steps were taken by various parties, including Judge Burns, Madrid's attorney, and the interpreter, to ensure that Madrid knowingly and voluntarily entered his plea of guilty. Madrid signed the plea petition, which states that his plea was knowing and voluntary and that he understood the consequences of entering a plea of guilty. The affidavits of his attorney and his interpreter contradict Madrid's contention that he did not understand the consequences of the entry of a plea of guilty.

The court finds from the record and the documents submitted that Madrid entered his plea of guilty knowingly and voluntarily.

### 2. *Rule 11*

Madrid contends that the court failed to follow Rule 11 of the Federal Rules of Criminal Procedure by not informing him at the time that he entered his plea of guilty about the effects of supervised release; in not disclosing the terms of the plea agreement in open court; and by not advising him in open court that he could not withdraw his plea of guilty if the recommendations of the government were not followed.

■ The court finds that Judge Burns sufficiently informed Madrid about the effects of supervised release when he told Madrid that supervised release would require him to obey certain conditions, and that violation of those conditions could result in Madrid being sent back to prison. Alternatively, Judge Burns informed Madrid that the maximum sentence was 20 years in prison and up to five years of supervised release. Madrid was sentenced to serve 211 months in prison and three years of supervised release. Even if Madrid was returned to custody at the end of his term of supervised release for an additional two years due to violations of the conditions of his release, he would still serve less than the maximum sentence explained by Judge Burns. Accordingly, any

details that Judge Burns omitted from his explanation of supervised release do not affect Madrid's substantial rights and will be disregarded by this court pursuant to Rule 11(h). *See United States v. Alber,* 56 F.3d 1106, 1109 (9th Cir.1995).

■ Concerning the requirement of Rule 11(e)(2), that a plea agreement be disclosed in open court and that the court shall advise the defendant that he has no right to withdraw the plea if the court does not accept the recommendations promised by the government, the plea agreement was attached to the plea petition and filed in the clerk's record. Judge Burns confirmed with Madrid that the plea agreement had been translated for him. Although Judge Burns did not expressly state that Madrid would not have a right to withdraw his plea of guilty if Judge Burns did not accept the recommendations made by the government in the plea agreement, Judge Burns did confirm that Madrid knew that the question of the sentence to be imposed was entirely up to Judge Burns, and that Madrid's attorney may have incorrectly estimated the guideline range. Furthermore, the plea agreement states that the parties understand that Madrid has no right to withdraw his guilty plea if the court does not accept the sentencing recommendations.

This court concludes that Madrid was aware before the time that he entered his plea of guilty that he would not have the right to withdraw his plea of guilty if the court did not accept the recommendations in the plea agreement. Thus, the failure of Judge Burns to give the express warning required in Rule 11(e)(2) did not affect the substantial rights of Madrid and will be disregarded pursuant to Rule 11(h).

### 3. *Breach of the Plea Agreement*

Madrid contends that the government breached its plea agreement by failing to recommend at the sentencing hearing that he be sentenced at the low end of the guideline range.

■ In its sentencing letter to the court dated sixteen days before the sentencing hearing, the government recommended that Madrid be sentenced at the low end of the

guideline range if the range was below the statutory maximum of twenty years. At the sentencing hearing, shortly after the court imposed a sentence in the middle of the guideline range, the government confirmed that the court had received and considered the recommendation of the government for a sentence at the low end of the guideline range.

In summary, the court finds that the government did not breach its agreement with Madrid. It recommended the low end of the guideline range in a timely fashion in its sentencing letter. The fact that the government did not orally make this recommendation at the sentencing hearing before the court imposed the sentence is immaterial. The government then took the extra step of confirming that the court was aware of its low-end recommendation. The court was aware of the recommendation, but it is not bound by it and chose not to follow it. Madrid's claim is without merit.

### 4. *Change of Judge*

Madrid contends that Judge Frye did not comply with Fed.R.Crim.P. 25 when she sentenced him after Judge Burns accepted his guilty plea. Madrid argues that he was prejudiced by this change of judge because: (1) Judge Burns did not have the opportunity to correct the errors that Madrid alleges he committed when Judge Burns accepted Madrid's guilty plea; (2) Judge Frye was not familiar with the guilty plea proceedings; and (3) Judge Frye is in the awkward position of having to correct her colleague.

The court concluded above that Judge Burns complied with the applicable rules when accepting Madrid's guilty plea. This court does not have to correct her colleague.

■ Rule 25(a) only applies when a change of judges occurs during a trial. That is not the case here. Rule 25(b) applies when a judge, other than the judge before whom the defendant was tried, performs duties after a verdict or a finding of guilt. Because Madrid was not tried, Rule 25(b) does not appear to apply here. Assuming that Rule 25(b) does apply, it allows a differ-

ent judge to perform the duties if that judge is satisfied that he or she is able to do so.

Here, Judge Frye had presided at hearings concerning Madrid's co-defendants prior to Madrid's sentencing. Moreover, she had available the presentence reports and the parties' sentencing letters. Judge Frye was satisfied that she was familiar enough with the case to impose sentence upon Madrid. She would have learned nothing at the time she accepted Madrid's plea of guilty which would have affected the sentence that she imposed. This claim is without merit.

### 5. *Ineffective Assistance of Counsel*

To prevail on a claim of the ineffective assistance of counsel, a petitioner must show both (1) that the attorney's performance fell below an objective standard of reasonableness; and (2) that the performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* 466 U.S. at 689. To establish the second prong of the *Strickland* test, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Madrid contends that he received ineffective assistance of counsel when he entered his plea of guilty, at the time of his sentencing, and during the appeal of his case. His contention of ineffective assistance is based on the arguments discussed above that the court concluded were without merit. Consequently, his attorney's performance did not fall below an objective standard of reasonableness. This claim is also without merit.

### CONCLUSION

The records conclusively show that Madrid is not entitled to relief on any of his claims and, thus, is not entitled to a hearing. The motion of the defendant, Jaime Gurrola Madrid, under 28 U.S.C. § 2255, to vacate, set aside or correct his sentence (# 197) is denied.