141 F.3d 1181
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Mahmoud Ribhe MOHD, Defendant-Appellant.
 No. 97-55695.
D.C. Nos. CV-95-02333-WBE, CR-90-00341-WBE.
 United States Court of Appeals,
Ninth Circuit.
 Submitted March 6, 1998.**
Decided March 31, 1998.
 
 Appeal from the United States District Court for the Southern District of California William B. Enright, District Judge, Presiding.
 Before CHOY, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Mahmoud Ribhe Mohd, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his conviction for conspiracy and possession with intent to distribute cocaine, 21 U.S.C. §§ 846 and 841(a)(1), and assault on a federal law enforcement officer, 18 U.S.C. § 111. Mohd contends that (1) his conviction violates double jeopardy, (2) the government knowingly used perjured testimony, (3) he received ineffective assistance of counsel, and (4) the district court erred by refusing to hold an evidentiary hearing. We reject these contentions and affirm.
 
 1. Double Jeopardy
 
 3
 Mohd argues that the subsequent civil forfeiture of his vehicle and cash precludes his criminal conviction. That argument is foreclosed by the Supreme Court's decision in United States v. Ursery, 518 U.S. 267, 116 S.Ct. 2135, 2149, 135 L.Ed.2d 549 (1996), wherein the court held that "in rem civil forfeitures are neither 'punishment' nor criminal for purposes of the Double Jeopardy Clause."
 
 2. Perjury
 
 4
 Modh contends that a government witness falsely testified at trial. We agree with the district court's conclusion that whatever inconsistencies occurred in the testimony were insignificant and immaterial and did not establish knowing perjury. See United States v. Bischel, 61 F.3d 1429, 1436 (9th Cir.1995). Moreover, Mohd has failed to demonstrate "any reasonable likelihood that the false testimony could have affected the jury verdict." United States v. Endicott, 869 F.2d 452, 455 (9th Cir.1989).
 
 3. Ineffective Assistance of Counsel
 
 5
 Mohd claims that his trial attorney erred by not (1) allowing him to testify; (2) raising the double jeopardy claim; (3) calling certain witnesses; (4) impeaching a government's witness; and (5) submitting certain jury instructions. To prevail on his claim of ineffective assistance of counsel, Mohd was required to show that his counsel's performance was deficient and that he was prejudiced by that deficiency. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We agree with the district court that Mohd failed to meet the Strickland standards. Most of Mohd's alleged errors concern strategic decisions that do not evince deficient performance. Moreover, Mohd has completely failed to demonstrate prejudice; the district court correctly noted that "[t]he evidence of Mohd's guilt was overwhelming."
 
 4. Evidentiary Hearing
 
 6
 The trial court denied Mohd's request for an evidentiary hearing. We agree that no hearing was required. Mohd failed to "allege specific facts which, if true, would entitle him to relief." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir.1996).
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3