**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Scott Robin ROSTON, Defendant–
Appellant.**

No. 01–55436.
D.C. No. CV–00–03031–JSL.

United States Court of Appeals,
Ninth Circuit.

Dec. 17, 2001 *.

Decided Jan. 2, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before SCHROEDER, Chief Judge, TROTT and PAEZ, Circuit Judges.

### MEMORANDUM **

Scott Robin Roston appeals pro se the denial of his 28 U.S.C. § 2255 motion to vacate his conviction and 405–month sentence for second-degree murder, in violation of 18 U.S.C. § 1111. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

We review de novo the district court's grant or denial of a habeas petition. *See*

United States v. McMullen, 98 F.3d 1155, 1156–57 (9th Cir.1996). We also review de novo a claim of ineffective assistance of counsel. *Id.*

■ Roston first contends his trial counsel was ineffective because counsel failed to object to the district court's jury instruction on jurisdiction. To prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell outside a wide range of reasonableness, and that he was prejudiced by that performance. *See Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Roston's contention is without merit. Trial counsel stated in a sworn affidavit that he objected to the district court's jury instruction on jurisdiction during the instruction settlement conference. Further, trial counsel stated in his affidavit that because Roston faced the possibility of the death penalty if Roston was extradited to the Bahamas, he and Roston agreed only to raise the issue of jurisdiction at the conclusion of the government's case, and not to pursue the issue further if the argument was unsuccessful. We conclude that, even if counsel failed to object, he chose to do so for strategic reasons. *See Hensley v. Crist,* 67 F.3d 181, 185 (9th Cir.1995). As such, Roston has failed to show that trial counsel's performance was deficient. *See Id.*

Roston next contends that appellate counsel was ineffective because he did not appeal the district court's jury instruction on jurisdiction. Roston, however, has failed to show that he was prejudiced by appellate counsel's failure to raise the jury instructions on appeal. *See Wildman v. Johnson,* 261 F.3d 832, 840 (9th Cir.2001).

■ First, the district court did not err when it instructed the jury that the

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

high seas were within the special maritime and territorial jurisdiction of the United States because the district court may determine as matter of law the existence of federal jurisdiction over a geographic area. *See United States v. Warren,* 984 F.2d 325, 327 (9th Cir.1993). Second, although the district court erred by failing to instruct the jury that it was required to find that the murder occurred within the special maritime and territorial jurisdiction of the United States, the error did not have a substantial and injurious effect or influence in determining the jury's verdict. *See Kotteakos v. United States,* 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946). Based on the evidence against Roston, especially the medical examiner's uncontroverted testimony that Karen Roston drowned after being strangled and thrown overboard unconscious, no reasonable trier of fact could find that her death did not occur on the high seas. *See Id.* The district court's omission of an element of the offense, therefore, did not affect the fairness or integrity of Roston's trial. *See Id.*

■ Roston further contends that appellate counsel was ineffective because he failed to appeal the district court's denial of the motion for judgment of acquittal.

Roston's contention is without merit because he has failed to show that he was prejudiced because the evidence at trial established beyond a reasonable doubt that Karen Roston's murder occurred on the high seas. An appeal of the motion for judgment of acquittal, therefore, would not have provided a ground for reversal. *See United States v. Pacheco–Medina,* 212 F.3d 1162, 1163 (9th Cir.2000) (stating the denial of a motion for judgment of acquittal is reviewed de novo).

AFFIRMED.

