NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 2 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10215 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-00105-CRB-1 |
| v. | |
| MICHAEL OHAYON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10221 |
| Plaintiff - Appellant, | D.C. No. 3:10-cr-00105-CRB-1 |
| v. | |
| MICHAEL OHAYON, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, Senior District Judge, Presiding

Submitted September 16, 2015[**]

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision

San Francisco, California

Before: CHRISTEN and FRIEDLAND, Circuit Judges and LEMELLE,*** District Judge.

Michael Ohayon pled guilty to one count of bank fraud, 18 U.S.C. § 1344, one count of conspiracy to commit bank fraud, 18 U.S.C. § 1349, and one count of money laundering, 18 U.S.C. § 1957. Ohayon initially received a 60-month sentence. Ohayon then filed a § 2255 motion, arguing that he received ineffective assistance of counsel during the sentencing proceedings. The district court granted the motion and reduced Ohayon's sentence to 38 months. Ohayon appeals this sentence, and the Government cross-appeals, challenging the district court's grant of the § 2255 motion.

Ohayon's counsel's performance at the initial sentencing was not unconstitutionally deficient. The attorney's failure to raise the pending Guidelines amendment did not render his representation objectively unreasonable. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984) (deficient performance must fall below "an objective standard of reasonableness"); *United States v. McMullen*, 98 F.3d 1155, 1158 (9th Cir. 1996) (adopting the Government's position that the "fact that defendant's lawyer was not innovative enough to raise this issue does not

---

without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Ivan L.R. Lemelle, District Judge for the U.S. District Court for the Eastern District of Louisiana, sitting by designation.

make him constitutionally defective"). Although the district court articulated sound reasons for the sentence imposed on resentencing, that sentence was imposed as a remedy for the § 2255 claim, which should not have been granted at all.

Ohayon's argument that his defense counsel during the second sentencing was himself constitutionally ineffective was raised for the first time in Ohayon's reply brief and is therefore waived. *United States v. Jefferson*, 791 F.3d 1013, 1019 n.7 (9th Cir. 2015). The other issues Ohayon raises on appeal were waived as part of his plea agreement and are thus rejected.[1]

The district court's grant of Ohayon's § 2255 motion is REVERSED.

---

[1] Ohayon's motion to withdraw arguments is denied as moot. Further, Ohayon's Supplemental Excerpts of Record include a letter that was not part of the district court record, in violation of Federal Rule of Appellate Procedure 10(a)(1). We therefore strike that material from Ohayon's Supplemental Excerpts of Record. *Nicholson v. Hyannis Air Serv., Inc.*, 580 F.3d 1116, 1128 (9th Cir. 2009).