139 F.3d 909
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Brenton Neil MULLINS, Defendant-Appellant.
 No. 96-56296.
D.C. Nos. CV-95-03865-WMB, CR-90-00409-WMB.
 United States Court of Appeals, Ninth Circuit.
 Submitted February 9, 1998.**
Decided Feb. 19, 1998.
 
 Appeal from the United States District Court for the Central District of California William Matthew Byrne, Jr., Chief Judge, Presiding.
 Before PREGERSON, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Brenton Neil Mullins appeals the district court's denial of his 28 U.S.C. § 2255 motion challenging his conviction and sentence for conspiracy, wire fraud, mail fraud, and use of fictitious names, in violation of 18 U.S.C. §§ 371, 1341, 1342 and 1343. We have jurisdiction pursuant to 28 U.S.C. § 2255. We review de novo the district court's denial of Mullins's motion, see United States v. McMullen, 98 F.3d 1155, 1156-57 (9th Cir.1996), cert. denied, --- U.S. ----, 117 S.Ct. 2444, 138 L.Ed.2d 203 (1997), and we affirm.
 
 
 3
 Mullins contends that the district court improperly rejected new evidence entitling Mullins to a new trial. This contention lacks merit because the witness proffered by Mullins was known to Mullins prior to trial. See United States v. Joelson, 7 F.3d 174, 179 (9th Cir.1993) (direct appeal); see also Baumann v. United States, 692 F.2d 565, 579-80 (9th Cir.1982) (rejecting new evidence in support of section 2255 motion because facts were within defendant's knowledge prior to trial).
 
 
 4
 Mullins next contends that the district court erred by denying his section 2255 motion because Mullins's trial counsel was ineffective. This contention lacks merit.
 
 
 5
 A successful ineffective assistance of counsel claim requires a defendant to show deficient performance by his attorney and prejudice from that deficiency. See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
 
 
 6
 Mullins argues that his attorney was ineffective for failing to object to testimony by a government witness as to the sine code Mullins used to access American Airlines' passenger data base. This argument lacks merit because Mullins provided this information himself when the government cross-examined him, and therefore he has failed to show prejudice from his attorney's failure to object. See id. at 697 (stating that failure to show prejudice alone is fatal to ineffective assistance claim).
 
 
 7
 Mullins argues that his attorney was ineffective because he failed to adequately review and challenge certain documents relied on by the government. We disagree with this argument for two reasons. First, Mullins's attorney stated in an affidavit that he reviewed all relevant documents in his possession. Second, the record does not support Mullins's contention that the documents were presented by the government in a misleading fashion. Accordingly, there would have been no basis for Mullins's attorney to challenge their admission. See Baumann, 692 F.2d at 572 (stating that attorney's failure to raise meritless legal argument does not constitute ineffective assistance).
 
 
 8
 Mullins next argues that his attorney was ineffective because his cross-examination of a government witness regarding trial exhibit 16A was too narrow in scope. We disagree. The cross-examination was reasonably focused to support the theory of Mullins's defense. See Strickland, 466 U.S. at 689-90 (noting deference afforded tactical decisions by counsel). Additionally, Mullins has not demonstrated a reasonable possibility that the outcome of his trial would have been different but for his attorney's alleged error. See id. at 693-94.
 
 
 9
 Finally, Mullins contends that the district court abused its discretion by refusing to hold an evidentiary hearing. This contention lacks merit because the record affirmatively manifests the invalidity of Mullins's claims. See 28 U.S.C. § 2255 (1995); Baumann, 692 F.2d at 570-71.
 
 
 10
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Mullins's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3