141 F.3d 1180
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
William Boyd FILLINGAME, Jr., aka Lonnie Allen Hutchens, aka
Randy Hutchens, Defendant-Appellant,
 No. 96-35889.
D.C. No. CV-95-06247-MRH.
 United States Court of Appeals, Ninth Circuit.
 Submitted Mar. 3, 1998**.
Decided Mar. 5, 1998.
 
 Appeal from the United States District Court for the District of Oregon Michael R. Hogan, District Judge, Presiding.
 Before FERNANDEZ, RYMER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Federal prisoner William Boyd Fillingame appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging the sentence imposed following his guilty plea to conspiracy to manufacture methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 846 and 841(a)(1). We have jurisdiction, 28 U.S.C. §§ 1291 and 2253, and we affirm.
 
 
 3
 * Fillingame argues that his counsel was constitutionally ineffective when, in November 1992, his counsel failed to raise at sentencing the issue of methamphetamine type. He contends that his counsel failed to argue before the district court that the government did not carry its burden to prove that the substance he manufactured was D-methamphetamine and not L-methamphetamine. Fillingame supports this claim with an affidavit in which Fillingame declares that, before sentencing, he told his counsel that the methamphetamine that he produced in his lab was poor in quality and could not have been sold because people trying his concoction complained that they could not get "high." Fillingame claims that his counsel responded by saying that the main issue was the amount of methamphetamine produced and not its type, and thus never presented an argument that may have resulted in a lower sentence for Fillingame.
 
 
 4
 Fillingame, however, has not shown that his attorney's performance in November 1992 fell below "an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We have already held that under the prevailing professional norms at the time of Fillingame's sentencing, the failure to raise the methamphetamine distinction was not objectively unreasonable. United States v. McMullen, 98 F.3d 1155, 1157-58 (9th Cir.1996), cert. denied, 117 S.Ct. (1997) (noting that it was common in the District of Oregon for defense attorneys not to raise the methamphetamine distinction at sentencing in the early 1990's). Moreover, not until our decision in United States v. Dudden, 65 F.3d 1461, 1470 (9th Cir.1995) did we clarify that the government has the burden to prove that the methamphetamine involved was "D" and not "L." Counsel's failure to raise this novel argument in November 1992 does not render his performance constitutionally ineffective. Given the deference afforded attorney performance, United States v. Hamilton, 792 F.2d 837, 839 (9th Cir.1986), and the standard to which we hold Fillingame's counsel, we cannot say that Fillingame's representation fell below an objective standard of reasonableness.
 
 
 5
 Furthermore, Fillingame has not met the prejudice prong of the Strickland test. Beyond his own statement that people could not get high off his product, Fillingame has presented no other evidence to raise a reasonable probability that he in fact made only L-methamphetamine. At trial and in contesting Fillingame's § 2255 motion, however, the government presented lab reports and expert evaluation of these reports that controvert Fillingame's allegations and support the sentence. As Fillingame has not shown that his sentence would have been different had his counsel raised this issue, his counsel was not constitutionally ineffective.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3