142 F.3d 447
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
Javier VILLA-GUERRERO, Defendant-Appellant.
 No. 96-56477.
D.C. Nos. CV-94-00552 CR-92-00024.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted April 20, 1998[2].
Decided April 28, 1998.
 
 Appeal from the United States District Court for the Central District of California Alicemarie H. Stotler, District Judge, Presiding.
 Before BRUNETTI, RYMER, and T.G. NELSON, Circuit Judges.
 
 MEMORANDUM[1]
 
 1
 Javier Villa-Guerrero appeals pro se the district court's denial of his motion pursuant to 28 U.S.C. § 2255 challenging the sentence imposed following his guilty plea to narcotics charges. Villa-Guerrero asserts that he was denied effective assistance of counsel because his attorney failed to investigate and to argue at sentencing that the substance involved was l-methamphetamine rather than the harsher-penalized d-methamphetamine. Under the prevailing professional norms at the time of sentencing, the failure to pursue the methamphetamine distinction was not objectively unreasonable. See generally United States v. McMullen, 98 F.3d 1155, 1157-58 (9th Cir.1996). Because counsel's conduct was not objectively unreasonable, Villa-Guerrero cannot demonstrate ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
 
 
 2
 AFFIRMED.
 
 
 
 [2]
 We have considered the arguments set forth in appellant's untimely Reply Brief, which was received by this court on April 14, 1998. The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 [1]
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3