Sandra Gillies, Law Offices of Sandra Gillies, Woodland, CA, for Defendant.

**UNITED STATES of America, Plaintiff,**

v.

**Vernon Leon WATTS, Defendant.**

**Cr. No. S–93–086 WBS.**

**Civ. No. S–98–0165 WBS.**

United States District Court,
E.D. California.

Dec. 7, 1998.

## MEMORANDUM AND ORDER

SHUBB, Chief Judge.

Watts moves the court to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. He contends trial counsel rendered constitutionally ineffective assistance at sentencing by failing to argue a distinction in the applicable Sentencing Guidelines between "crack" cocaine and other forms of cocaine. For the reasons discussed below, the court denies the motion.

## BACKGROUND

In January of 1993, Watts was arrested for drug trafficking. He was subsequently charged in a two-count indictment with violating 21 U.S.C. § 841(a)(1)—Possession with Intent to Manufacture or Dispense 559.58 Grams of Cocaine Base; and with violating 18 U.S.C. § 924(c)—Using and Carrying a Firearm During and In Relation to a Drug Trafficking Offense. In December of that same year, a jury found Watts guilty of the drug charge, and not guilty of the firearm charge. Subsequently the court sentenced

him to 262 months in prison and 60 months of supervised release.

Watts was sentenced under the Sentencing Guidelines effective November 1, 1993. That version of the guidelines included an amended definition of "cocaine base":

"Cocaine base," for the purposes of this guideline, means "crack." "Crack" is the street name for a form of cocaine base, usually prepared by processing cocaine hydrochloride and sodium bicarbonate, and usually appearing in a lumpy, rocklike form.

U.S.S.G. § 2D1.1(c). The Sentencing Commission added the amended definition to resolve a conflict in the circuits over the meaning of "cocaine base." [1] The new amendment treated forms of cocaine base other than "crack" as cocaine hydrochloride, i.e., as powder cocaine. See United States Sentencing Commission, Amendments to the Sentencing Guidelines for United States Courts, 58 Fed. Reg. 27, 148, 27, 156 (1993).

The distinction drawn in that amendment bore upon Watts' sentence. The Sentencing Guidelines treat 1 gram of "crack" as the equivalent of 100 grams of powder cocaine for purposes of computing a defendant's offense level. See 2D1.1 (Drug Quantity Table). Watts' sentence in this case reflects that 100:1 ratio for "crack" cocaine.

Watts appealed his conviction and sentence, but he did not raise the issue which is the subject of this motion. He instead argued on direct appeal: (1) the court erred by not suppressing certain evidence; (2) the court erred at sentencing in determining the quantity of drugs involved in the offense; and (3) the court erroneously enhanced his sentence for possessing a dangerous weapon after the jury had returned a not guilty verdict on the weapons charge. The Court of Appeals affirmed with respect to the first two issues, but reversed with respect to the third. *United States v. Watts,* 67 F.3d 790 (9th Cir.1995).

In January of 1997, the Supreme Court reversed the Court of Appeals' decision as to the third issue. *See United States v. Watts,* 519 U.S. 148, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997). On February 18, 1997, it denied Watts' Petition for Rehearing. The government concedes that Watts timely filed this § 2255 motion on January 27, 1998.[2]

## DISCUSSION

The parties agree that the definition of constitutionally deficient assistance of counsel set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) applies here. Under that definition, Watts must show two elements: (1) "deficient performance," meaning that counsel's representation fell below an objective standard of reasonableness; and (2) "prejudice," meaning that there is a reasonable possibility that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052.

■ Watts has neither alleged, nor pointed to, sufficient facts to support a showing of prejudice. In this regard, the Court of Appeals' decision in *United States v. McMullen,* 98 F.3d 1155, 1157 (9th Cir.1996) is indistinguishable from this case. There, the defendant filed a § 2255 motion claiming that his attorney was ineffective because he did not require the government to prove that he had possession of D-methamphetamine, as opposed to L-methamphetamine. That distinction, like the distinction involved here, was potentially material because the Sentencing Guidelines treated L4–Methamphetamine much less severely than D-methamphetamine. *Id.* at 1156. The Court of Appeals rejected the defendants' claim of "prejudice." It found "compelling" the government's argument that:

---

**1.** Because the Sentencing Commission adopted the reasoning of the Ninth Circuit in *United States v. Shaw,* 936 F.2d 412 (9th Cir.1991), the amendment worked no change in the law of the Ninth Circuit.

**2.** The Anti–Terrorism and Effective Death Penalty Act (AEDPA) imposes a one-year limitations period on Section 2255 motions. *See* 28 U.S.C. § 2255. That period begins to run from the latest of several events, including "the date on which the judgment of conviction becomes final." *Id.*

[McMullen's] bare assertion that his attorney failed to raise the issue is not enough. There would be no point in raising the issue and hence no ineffective assistance of counsel, unless there was some proof to offer in his favor. But defendant offers nothing on this point, not even a self-serving declaration that it was L-methamphetamine produced in his own laboratory. Missing are allegations that raise a reasonable probability that [what] the drug defendant possessed was actually L-methamphetamine.

*Id.* at 1158.

Watts' attempt to show "prejudice" suffers from the same defect. He neither alleges, nor points to, any evidence suggesting that the substance was a form of cocaine other than "crack." He argues only that "since [the government's chemist] described the substance simply as one containing cocaine base, there is a reasonable likelihood that he would have received a substantially lower sentence." ·That argument fails, however, because it impermissibly shifts to the government the burden to of disproving "prejudice." The government does not have that burden. *See Strickland,* 466 U.S. at 687–88, 104 S.Ct. 2052 (defendant must affirmatively prove prejudice . . .").[3]

Moreover, it is difficult to even conceive of a set of circumstances where the alleged failure of defense counsel to make an argument in a federal noncapital sentencing proceeding could rise to the level of ineffective assistance under the *Strickland* test. To fully satisfy that test the alleged error of counsel must have rendered the result of the proceeding fundamentally unfair or unreliable. *Lockhart v. Fretwell,* 506 U.S. 364, 369–72, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993).

In a federal sentencing proceeding, the responsibility for gathering and evaluating the facts and law needed to arrive at a fair and reliable sentence rests neither exclusively, nor even primarily, with counsel. It rests with the court, aided by the probation officer.

*See United States v. Belgard,* 894 F.2d 1092, 1097 (9th Cir.1990) (discussing the significant role a probation officer plays in sentencing under the guidelines). Thus, in order for a sentencing argument not to have been considered, it must have been missed not only by counsel, but by the probation officer and the court as well. While it is conceivable that a sentencing argument which should have been made by reasonably competent counsel will not be raised by the probation officer or discovered by the court, it would be a rare case indeed. Even in such a case, it would be the court's error, not counsel's, which would cause the defendant to suffer "prejudice."

▮ Quite commonly, this court receives § 2255 petitions, such as this one, alleging ineffective assistance of counsel based on defense counsel's simple failure to make arguments at a federal noncapital sentencing proceeding. A § 2255 petition may not be used to challenge nonconstitutional sentencing errors if such errors were not challenged in an earlier sentencing proceeding, *See McMullen,* 98 F.3d at 1157. This court is not disposed to allow defendants who in hindsight are dissatisfied with their sentences to circumvent that rule by using claims of ineffective assistance as a proxy for claims of ordinary sentencing error by the court.

IT IS THEREFORE ORDERED that Watts' § 2255 motion be, and the same hereby is, DENIED.

---

3. Because Watts has not alleged or pointed to sufficient facts which, if true, would entitle him to relief, the court in its discretion denies his request for an evidentiary hearing. *McMullen,* 98 F.3d at 1158–59; *United States v. Baramdyka,* 95 F.3d 840, 846 n. 5 (9th Cir.1996) ("[Petitioner] fails to explain what, if any, evidence or testimony he would present at such a hearing. Thus, there is no need for an evidentiary hearing").