**UNITED STATES of America Plaintiff–Appellee,**

v.

**Perry A. MCCULLOUGH, Defendant–Appellant.**

No. 01–16091.

D.C. Nos. CV–97–739–EJG CR–89–251–EJG.

United States Court of Appeals, Ninth Circuit.

Argued and submitted June 13, 2002.

Decided June 24, 2002.

Before LAY,* THOMPSON, and TALLMAN, Circuit Judges.

MEMORANDUM**

Perry A. McCullough appeals the district court's denial of his motion pursuant to 28 U.S.C. § 2255. McCullough argues that his drug-related convictions should be vacated because he received constitutionally ineffective assistance of counsel. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review de novo McCullough's claim of ineffective assistance of counsel. *United States v. McMullen,* 98 F.3d 1155, 1157 (9th Cir.1996). We affirm.

We need not decide whether McCullough's counsel's performance "fell below an objective standard of reasonableness", *Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), because McCullough has not demonstrated

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Cir. R. 36–3.

prejudice as a result of counsel's performance. *Id.* at 697; *see also Anderson v. Calderon,* 232 F.3d 1053, 1084 (9th Cir. 2000) (if defendant fails to show prejudice, court need not decide whether counsel's performance was deficient). The evidence of McCullough's guilt was overwhelming, and it cannot be said "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. The motion, files, and records of the case, including the trial judge's own observations of McCullough and other witnesses throughout trial, showed "conclusively" that McCullough was not entitled to relief. 28 U.S.C. § 2255; *Shah v. United States,* 878 F.2d 1156, 1160 (9th Cir.1989) (judge properly relied upon his own recollection of the proceedings in considering § 2255 motion). Thus, the court did not err in denying McCullough's request for an evidentiary hearing.

AFFIRMED.

