Peter John CORMIER, Petitioner—Appellant,

v.

UNITED STATES of America, Respondent—Appellee.

No. 02–35583.
D.C. Nos. CV–01–01471–TSZ, CR–97–00266–WD.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 1, 2003.*

Decided Dec. 4, 2003.

---

1. We decline to grant Steadham's request to expand the certificate of appealability.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Peter John Cormier, pro se, Atwater, CA, for Petitioner–Appellant.

David B. Zuckerman, Law Office of David B. Zuckerman, Seattle, WA, for Petitioner–Appellant.

Helen J. Brunner, USSE–Office of the U.S. Attorney, Seattle, WA, for Respondent–Appellee.

Before BRUNETTI, T.G. NELSON, and GRABER, Circuit Judges.

## MEMORANDUM**

Peter John Cormier appeals the district court's denial of his 28 U.S.C. § 2255 habeas petition based on an ineffective assistance of counsel claim. Cormier also appeals the court's denial of an evidentiary hearing. We have jurisdiction over this case pursuant to 28 U.S.C. § 2253, and we now affirm.

The Supreme Court has held that "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order for Cormier to succeed on his petition, he must show that "in light of all the circumstances, the identified acts or omissions were outside the *wide range of professionally competent assistance.*" *Id.* at 690 (emphasis added). "Judicial scrutiny of counsel's performance must be highly deferential," and there is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 689–90.

Moreover, even if "the identified acts or omissions were outside the wide range of professionally competent assistance," the counsel's errors must also deprive the appellant of a fair trial. *Id.* at 690. The appellant must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694.

Cormier essentially asserts that his trial counsel erred in failing to argue that Cormier's consent to search his motel room was not voluntary because he thought, as a probationer, he had to consent. Cormier cites this court's case of *United States v. Crawford*, 323 F.3d 700 (9th Cir.2003), for support. However, since Cormier filed his brief, this court has taken that case en banc. *United States v. Crawford*, 343 F.3d 961 (9th Cir.2003)(en banc). Accordingly, *Crawford* has no precedential value.

However, even if this court had not taken *Crawford* en banc, *Crawford* does not help Cormier. In *Crawford* this court held that the Fourth Amendment requires reasonable suspicion to search a parolee's residence even when state law permits a search without suspicion. *Crawford*, 323

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

F.3d at 717–18. Where officers do not have reasonable suspicion, a compulsory parole condition may not serve as consent to engage in an otherwise unreasonable search. *Id.* Because the facts of *Crawford* are distinguishable from this case—where there was no mention of Cormier's being on parole or probation and Detective Peters did not rely on Cormier's status as a probationer to acquire consent—Cormier's argument fails. Because neither the facts of this case, nor case law advances Cormier's legal theory, we cannot find that his counsel acted "outside the wide range of professionally competent assistance."

An evidentiary hearing is required if the appellant can "allege specific facts which, if true, would entitle him to relief." *United States v. McMullen,* 98 F.3d 1155, 1158–59 (9th Cir.1996). As discussed above, even if the facts Cormier alleges are true, case law does not support habeas relief. Accordingly, the district court did not abuse its discretion.

AFFIRMED.