NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-36024 |
| Plaintiff-Appellee, | D.C. No. |
| v. | CV-18-55-GF-BMM<br>CR-15-01-GF-BMM |
| BRANDON RAY BUCKLES, | |
| Defendant-Appellant. | MEMORANDUM* |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted May 7, 2020**
Portland, Oregon

Before: WATFORD and HURWITZ, Circuit Judges, and BATTAGLIA,*** District
Judge.

Brandon Ray Buckles was convicted of sexual abuse and making a false

statement to a federal officer and his conviction was affirmed on direct appeal.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Anthony J. Battaglia, United States District Judge for
the Southern District of California, sitting by designation.

*United States v. Buckles*, 666 F. App'x. 670 (9th Cir. 2016). Buckles then filed a 28 U.S.C. § 2255 motion, alleging that his trial counsel was ineffective for stipulating that Buckles was an Indian person within the meaning of the Indian Major Crimes Act.[1] *See* 18 U.S.C. § 1153(a). The district court denied the motion without an evidentiary hearing. Buckles timely appealed. We have jurisdiction of that appeal under 28 U.S.C. §§ 1291 and 2255(d), and affirm.

Under the Indian Major Crimes Act, a defendant qualifies as an Indian person, if he: (1) has some quantum of Indian blood; and (2) is a member of or is affiliated with a federally recognized tribe. *United States v. Zepeda*, 792 F.3d 1103, 1113 (9th Cir. 2015) (en banc); *United States v. Maggi*, 598 F.3d 1073, 1080–81 (9th Cir.

---

[1] The following stipulation was read to the jury during preliminary instructions: "Instruction Number 13. The parties have stipulated to the follow [sic], that means they have agreed to the following facts: Number 1. The defendant, Brandon Ray Buckles, is an enrolled member of the Assiniboine and Sioux Tribes of the Fort Peck Indian Reservation. Number 2. The Assiniboine and Sioux Tribes are federally recognized tribes. Three. The defendant, Brandon Ray Buckles, is an Indian person. No further evidence is required to prove that the defendant is an Indian person. You should treat these facts as having been proved."

At the close of evidence, the district court again reiterated the stipulation in Jury Instruction 22: "The parties have stipulated as follows: (1) The defendant Brandon Ray Buckles is an enrolled member of the Assiniboine and Sioux Tribes of the Fort Peck Indian Reservation. (2) The Assiniboine and Sioux Tribes are federally recognized tribes. (3) Defendant's status as an Indian person has been proven beyond a reasonable doubt. You should treat these facts as having been proved."

2010), *overruled in part by Zepeda*, 793 F.3d at 1113.[2] In determining whether the defendant is a member or affiliated with a federally recognized tribe, evidence of the following is considered in declining importance: "1) tribal enrollment; 2) government recognition formally and informally through receipt of assistance reserved only to Indians; 3) enjoyment of the benefits of tribal affiliation; and 4) social recognition as an Indian through residence on a reservation and participation in Indian social life." *United States v. Bruce*, 394 F.3d 1215, 1224 (9th Cir. 2005) (internal quotation marks omitted).

Buckles does not contest that he has a quantum of Indian blood; nor does he contest that he has Certificate of Indian Blood documenting his membership in a federally recognized tribe. But he nonetheless contends that trial counsel was ineffective in stipulating that he was an "Indian person," because there was evidence that he received fewer benefits of tribal affiliation than others.

The district court correctly rejected that argument. Certificates of enrollment are important evidence of Indian status. *See, e.g.*, *id.*; *Zepeda*, 792 F.3d at 1115−16; *United States v. Alvirez*, 831 F.3d 1115, 1124 (9th Cir. 2016). And, this Court has previously decided that an individual with the same enrollment status as Buckles, with the same tribe, qualified as an Indian person. *See United States v. Smith*, 442 F.

---

[2] Although *Zepeda* was decided after Buckles' trial, it did not materially change the two-part test as relevant to this case.

App'x. 282, 284–85 (9th Cir. 2011). Accordingly, Buckles' trial counsel was not ineffective in making the strategic decision to stipulate to the fact that Buckles is an "Indian person." *See United States v. McMullen*, 98 F.3d 1155, 1157 (9th Cir. 1996). And, because the critical facts that informed counsel's decision are not contested, the trial court did not err in dismissing this § 2255 motion without an evidentiary hearing. *See United States v. Howard*, 381 F.3d 873, 877 (9th Cir. 2004).

**AFFIRMED.**