**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 16 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-7252 |
| Plaintiff - Appellee, | D.C. Nos. 3:23-cv-00255-DCN 3:18-cr-00290-DCN-1 |
| v. | |
| CHRISTOPHER WILLIAM BOUNDS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, District Judge, Presiding

Submitted June 10, 2026[**]
Portland, Oregon

Before: CHRISTEN, HURWITZ, and BADE, Circuit Judges.

Christopher William Bounds appeals the district court's denial without an

evidentiary hearing of his motion to vacate, set aside, or correct his sentence under

28 U.S.C. § 2255 and its denial of his motion for access to certain letters he

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

submitted pro se.  We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), and we affirm in part and dismiss in part.

1.  Bounds argues that trial counsel violated his Sixth Amendment right to present a defense of his own choosing by presenting a defense that Bounds possessed drugs for his personal use, not for trafficking.  Bounds contends that he did not agree to this defense and that his intended defense was instead that "I believed I was working for the DEA."

"[A] defendant has the right to insist that counsel refrain from admitting guilt."  *McCoy v. Louisiana*, 584 U.S. 414, 417 (2018).  When counsel is "[p]resented with express statements of the client's will to maintain innocence, . . . counsel may not steer the ship the other way."  *Id.* at 424.  But Bounds's counsel did not concede guilt.  *See id.* at 419–20.  Instead, he argued for Bounds's acquittal on gun and drug trafficking charges based on Bounds's lack of intent.  Consistent with this defense, Bounds testified that he acquired "intelligence and firearms" and drugs with the intent to turn them over to the government.

Bounds also argues that counsel improperly incriminated him by arguing that "Bounds had pounds of drugs on him at the time of arrest for his person[al] use as a drug addict."  But the record reflects that doing so provided context for Bounds's statements during his arrest that he was an addict, which were admitted during the prosecution's case at trial.  Counsel argued that Bounds did not conceal

2                                                        24-7252

his drug activity because he intended to turn the drugs and guns over to law enforcement and urged the jury to find Bounds not guilty because he intended to "turn it all over to law enforcement."

Counsel's argument was consistent with the objective of Bounds's preferred defense that he "believed [he] was working for the DEA." It was also consistent with the trial court's ruling that Bounds could not testify "that he was working for any government agency or was working undercover" but could testify "that he had the intent to give the drugs or the guns to the police." Determining that this ruling did not limit Bounds's ability to present testimony to support "his theory that he lacked culpable intent," we affirmed Bounds's convictions on direct appeal. *United States v. Bounds*, No. 21-30114, 2022 WL 1284302, at *2 (9th Cir. Apr. 29, 2022). We now conclude that Bounds's Sixth Amendment right to "present a defense of his own choosing" was not violated. *United States v. Read*, 918 F.3d 712, 719 (9th Cir. 2019).

2. Bounds argues that the district court abused its discretion when it denied his § 2255 motion without an evidentiary hearing. "Section 2255 requires that the district court grant a petitioner's motion to hold an evidentiary hearing 'unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. McMullen*, 98 F.3d 1155, 1158 (9th Cir. 1996) (quoting 28 U.S.C. § 2255). The record makes plain that Bounds was not

entitled to relief; therefore, the district court did not abuse its discretion by denying the motion without an evidentiary hearing.[1]

3. Bounds also argues that the district court abused its discretion because it denied his motion for access to pro se letters, and denied his § 2255 motion without providing him access to these letters. Bounds argues that the district court's denial of his motion for access to the letters violated Rule 7(c) of the Rules Governing § 2255 Proceedings, which provides that the court "must give the party against whom the additional materials are offered an opportunity to admit or deny their correctness." Whether the district court violated Rule 7(c) is, however, beyond the scope of the certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). We decline to expand the certificate, and therefore dismiss the appeal to the extent it raises this argument.

**AFFIRMED in part, DISMISSED in part**.

---

[1] Bounds suggests that, when ruling on the request for an evidentiary hearing, the district court applied an incorrect legal standard because it cited a local rule pertaining to oral argument. The record does not support this argument. The district court cited the local rule to support its decision that oral argument was not necessary, and later separately concluded that an evidentiary hearing was not required.